**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JORGE REYES-ZAMUDIO, | § | |
| | § | |
| *Petitioner*. | § | |
| | § | |
| VS. | § | CIVIL CASE NO. SA-26-CV-3999-FB |
| | § | |
| MIGUEL VERGARA, Field Office Director of Enforcement and Removal Operations, San Antonio Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, U.S. Attorney General; and WARDEN OF SOUTH TEXAS ICE PROCESSING CENTER, | § § § § § § § § | |
| | § | |
| *Respondents*. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Jorge Reyes-Zamudio's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1), Federal Respondents' Response to the Petition (ECF No. 3), and Petitioner's Motion to Expedite Ruling on Petition for Writ of Habeas Corpus (ECF No. 6). Upon review, the Court finds that the Petition must be and hereby is **DENIED** for the reasons below.

Petitioner, a native of Mexico, entered the United States with admission or inspection on or about September 18, 1998, and has resided in this country for more than twenty years. (ECF No. 1 at page 6; ECF No. 3, Exhibit A at page 3-1). Prior to his detention, Petitioner worked in the construction industry building homes for various companies. (ECF No. 1 at page 6). On February 10, 2026, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") and remains detained at the South Texas ICE Processing Center in Pearsall, Texas.[1] Petitioner remains in removal proceedings before the

[1] Https://locator.ice.gov./odls/#/results (last accessed on November 10, 2026).

Immigration Court.[2] Petitioner challenges his detention as a violation of his Fifth Amendment due process rights.

The full Fifth Circuit in *Sosnava-Rodriguez v. Vergara* has now foreclosed Petitioner's constitutional bases for relief (ECF No. 1 at pages 8-10), holding that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. *See* ___ F.4th ___, 2026 WL 3181188, at *5 (5th Cir. Oct. 23, 2026) (*en banc*) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at *7 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at *12–13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).[3]

Accordingly, Petitioner's request for habeas relief (ECF No. 1) must be denied. Therefore, IT IS HEREBY ORDERED that Petitioner Jorge Reyes-Zamudio's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED WITHOUT PREJUDICE**.

---

[2] An immigration judge ordered petitioner removed on August 4, 2026. An appeal of that order was received on August 27, 2026, and remains pending. *See* https://acis.eoir.justice.gov/en/caseInformation (last accessed on November 10, 2026).

[3] The Court notes that the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their "removal proceedings were used as a façade 'to incarcerate [them] for other reasons.'" *Sosnava-Rodriguez*, --- F.4th at ---, 2026 WL 3181188, at *13 (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) and favorably citing *Banyee v. Garland*, 115 F4th 928, 934 (8th Cir. 2024)). The court did not endorse this argument: it merely "d[id] not dismiss the idea." *Id.*

IT IS FURTHER ORDERED that motions pending, including Petitioner's Motion to Expedite Ruling on Petition for Writ of Habeas Corpus (ECF No. 6), are DENIED AS MOOT, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 10th day of November, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE